Mr. Derryberry, welcome. Good morning, your honors. May it please the court, I am Barry Derryberry on behalf of the appellant defendant Mr. Miller  Davis. This case was tried in the Eastern District of Oklahoma and Mr. Miller seeks reversal of his single count conviction of enticing a minor using the internet. The standard of review on this is plain error and we bring an issue regarding constructive amendment of the indictment. In the indictment, two offenses were identified as the offenses that could have been charged had the sexual acts been committed and this is how the jury was instructed as well. And the two offenses were state of Oklahoma offenses. One was acts or conduct with a, I need to try to say this, it's more like the lewd molestation statute in Oklahoma that encompasses committing acts or causing a child to commit acts. As the jury was instructed by the court, what this amounted to in the instruction that's on page 27 of the original record is causing the child or causing a child to look upon the body or private parts of any other person. Are you talking about the Oklahoma? The first Oklahoma offense. That's really what it all boils down to, what I just said. Let me, let's just say, assuming for purposes of argument that I would agree with you that there was probably a change from what he was charged with in the indictment and how the jury was instructed, and of course we're here on plain error, just assuming for purposes of argument that that actually is the case. And then looking at our Miller case and a couple of the other cases, I don't see as far as the error, it may be plain that that happened but then the prejudice prong of plain error because under Miller, they're making it very clear that the change in the jury instruction actually added a different charge of which the jury could have convicted him on and added different facts, whereas I don't see that in your case that it changed anything. I'm just saying for purposes of argument that it changed anything, so I can't see where there would be prejudice in this prong. Now I've jumped way ahead, I'm giving you the benefit of the doubt in regards to that maybe there is an error here and maybe it was a plain error, but I don't see under our case law how we could say that this prejudiced your client in any way. Okay, I think my answer to that is based on Styrone, the U.S. Supreme Court case. And it involves a violation of Hobbs Act involving an extortion and the charge was factually limited to the involvement of the importation of sand into Pennsylvania, I think it was a steel state. And then at trial, additional evidence or evidence that supported that was admitted, but additional evidence was admitted. Well, but you don't have additional evidence in this case. Yes, and I will acknowledge that, okay, I will acknowledge that. There was also evidence that was put in that there was steel that was exported out of the state, and so the discussion in Styrone gets to that, that enlarged the basis of the conviction. It was not merely additional evidence that came in. I mean, if you think about it, if the evidence regarding steel came in, but the jury was not enabled to rely on that as a basis for the conviction, there would not have been an error. The essence of it is that it broadened the indictment. So, I mean, in many trials you have a lot of evidence that can come in under a race or a gestile type of concept, it's very common. So the scope of the evidence is not the crux of the constitutional error, it's the broadening of the indictment. It does cause us to compare the indictment to the circumstances at trial. Styrone's rather broad in saying you would look at the jury instructions as well as the evidence at trial to get the full picture. So the evidence here is part of it, but I'm focused on the fact that these additional two federal offenses that were not in the indictment have broadened the basis of the charge. How did they do that? Couldn't they have been charged based on the facts here alleged in the indictment, both I guess 2427 and 2251, one in production of child pornography or possession and the other sexual exploitation? How are those broader than the Oklahoma statutes? The federal charge of producing child pornography is broader than both of the state charges because neither of the state charges encompassed producing child pornography. As I began with referring to the first Lude Mall station, Oklahoma's Lude Mall station statute. Doesn't one of the Oklahoma statutes encompass child pornography? Not involved in this? Yes. 1024.1. Yes. Doesn't Lude production or possession of child pornography fit within that? I cannot recite to you what that section says, but I am familiar with Oklahoma law enough to say, yes, there are statutes against child porn, but my point is that they were not brought to bear in this case. They're not in the body of the instructions. I know, but if they're functionally identical, you know, the state and the federal provision, if they cover the same conduct, explain to me why one, the federal statute broadens the indictment vis-a-vis what, you know, tell me why this, the state statute is narrower than the federal. Well, I mean, but my answer in light of these principles is that since that state statute that you identified is not identified in the, is not in the indictment, was not relied on by the jury to charge, then what we're discussing and discussing that statute is if this case is reversed, would the government have a viable way, a path forward to supersede with that and add that in? And perhaps they would. I'm not here to contest that. The other, I mean, we just now touched on the federal child porn, producing child porn statute that was added to the jury instructions in this case. The other federal crime is sexual exploitation. And that one is broader than the state offense. We're really looking at the second state offense because the purpose of this statute, the federal statute, is for the purpose of producing child porn. The first state crime does not encompass that because it's essentially a lewd molestation. It's causing a child to look at the body or private parts of someone else. Child porn is not an issue. I know where you're coming from and I see that, but was there evidence in this record that was produced to show that your client violated that federal statute? How has he been, how was the charge changed in as far as, was there evidence presented about the federal statutes in this case, the violation of what you're talking about? The record's going to clearly show that. There is ample record evidence that child pornography was produced because. But that's just, the Oklahoma statute says that. I'm asking, was there evidence presented by the government to convince the jury that you can convict them under this federal statute, which was not charged? But I want to correct that. I think that the Oklahoma crimes did not require the conduct or an element that child pornography be produced. That's not part of either of the Oklahoma offenses. They are to do with enticing, developing a child for production. And the federal crime is production of child pornography. That's the first federal crime that was added and there is ample evidence that that occurred because there is testimony from the minor victim in this case of many graphic images that our client solicited her to, and directed her what to do, and then she would take the and send them to him. That's based on her testimony. Those are not items in evidence because they just sort of evaporated in the ether on these programs. Right. But I still don't completely fault because the second Oklahoma statute is, quote, procuring participation of a minor in child pornography, and that's defined to include, child pornography means the visual depiction that would encompass the images here. Well, this is... What am I missing? I see the focus of that on the procurement and causing the participation, not producing. Because at the very bottom of page 27 that I referred to earlier, it begins to tell the jury what is encompassed in the federal crime of production of child pornography. So that is, child pornography was produced. That's the focal point. And the state offense is getting a child to participate in child pornography. So the jury doesn't... Any person to procure or cause the participation of any minor under the age of 18 in child pornography. So if somebody, I don't know, coaches a child to participate in child pornography, that would be different than saying the fellow taking the video is creating child pornography. They have... They can have a commonality, but they're not one and the same because the coach that's coaching the child does not necessarily produce child pornography. Well, it seems like that's a broader conduct than the federal statute. I'm not seeing where it makes the jury find that this defendant created, produced child pornography. A third person could have been the one that produced the child pornography and the coach or the person that's grooming the child that introduces, I think you can have cases where somebody steers the child to people that are child pornographers and they're enticing children to participate in child pornography. They can be convicted without showing that they produced the child pornography. Okay. Okay. I think I'll reserve my remainder. Thank you, counsel. May it please the court. I'm Linda Eberle with the U.S. Attorney's Office in Muskogee representing the government. Then let me start where I want to start with in regards to, you heard me explain to opposing counsel for purposes of just assuming, assuming since we're under plain error, and I believe you agree that we're under plain error, that in this case, the instruction that was given includes language that's broader than the indictment that we have here, so for purposes of just assuming that there is error and that it may be plain by what we've talked about under Miller cases and things like this, why is there not prejudice here if, and this is what I need to know from you more, the record shows that there was not evidence that changed the charge produced in the trial court before the jury. Now, if there's evidence in this record that then shows that there was introduction in accordance with the instruction that was given of a violation of a federal law, not the Oklahoma law, that that is a change then of the, and it could be error, so that's where I am and I'd kind of like you to straighten me out if you can. Is the court's concern, I want to make sure I understand, is the court's concern why this was given? Why this instruction was given? Well, no.  Okay. And I'm saying, okay, that would be plain error if under our law it changes the facts of what the man was charged with. So under Miller, and I don't know, and I've not read this record to know whether or not there was evidence that went that far and he wasn't charged with that. The, there was certainly evidence that is the same evidence that would have, that satisfied the original Oklahoma listed charges. There was evidence that all of this took place, you know, the conversations between this man and this girl with him in one state and her in another, that he enticed her to take pictures of herself, that he sent pictures of himself. But that's all a violation of Oklahoma law, too. It would be a violation of both. This is one of those cases, Your Honor, where the conduct between what was charged in the indictment and what was actually instructed on at the conclusion of the trial was closely linked. So closely linked that it did not result in a constructive amendment, but I get where the court's going, that even if there were plain error, we would believe and assert that under the Gonzalez case, that even if this defendant could meet, for purposes of argument, the first three prongs, they cannot meet the fourth because the charged and uncharged conduct is so closely linked. This is not a case where we're talking about a completely different sort of commodity, like the difference between steel and sand. It's not a case like Miller, where we're even talking about two completely different false statements. Well, I'm a little familiar with Gonzalez, I think, since I was on that panel. Yes, Your Honor. But you're wanting to jump to the fourth prong, and I'm still hung up on the third prong.  All right. I apologize. In this case, under the facts here, one of the most important things is that the elements did not change. The elements did not change. The element is, it remained the same whether we had Oklahoma law, federal law, some other law, completely. The evidence is required to show that the defendant committed an act with which he could have been charged for a crime. We didn't even probably have to allege the Oklahoma acts in the indictment. Now, I understand that if we allege them, we have to prove them. But this is not a case where we've completely changed the elements of that underlying crime. That remained the same. And if those elements have remained the same, it is very difficult to see how adding those two additional federal charges as examples, it's hard to see how that could seriously affect the defendant's substantial rights. The proof didn't change, and the elements didn't change. But I think his argument is that the federal statutes were broader, so he could have been charged with conduct under those statutes that was beyond that encompassed within the Oklahoma two statutes. Again, this is not a situation where the court instructs in depth on the underlying elements of whatever crime the defendant might be charged with. So whether it's somewhat broader or exactly the same, these are so closely related that the proof is the same. The statute of conviction here criminalizes both types of behavior. And the evidence was overwhelming, if not essentially uncontroverted, that this conduct in this case would have satisfied the two Oklahoma statutes and the federal. Now why this was actually added, we don't know. It would be very helpful at this point, I think, to have some indication from the government counsel, defense counsel, the trial court as to what the thinking was, but we don't have that. The reason we don't is because there was not an objection. And that's why we're here on plain error. But what we do know is that there was no constructive amendment. The elements didn't change, the material facts, the proof, the defense was exactly the same. And under such circumstances, it's difficult to see how it seriously affected his rights. Well, and again, because I do not have the jury instructions, but on the charge as to the elements that prove the guilt of the defendant, which is your burden beyond a reasonable doubt, did the district court include the elements of those federal statutes that it was your obligation to prove that beyond a reasonable doubt? May I have just a moment, Your Honor? Please. The court did not set out the elements as we're used to seeing in jury instructions for an actual charge with first, second, third. Court did not do that. What the court did was say, in respect to the Fourth Amendment of the offense, the sexual activity, you're looking at whether or not the defendant could have been charged with an offense under federal or state law. The court then said, I instruct you as a matter of law, under Oklahoma, it's a crime to knowingly and intentionally and in a lewd and lascivious manner, and just generally gave you the statutory language. The court did that for the second Oklahoma charge and then for each of the federal charges, instructing them as a matter of law that this is what the crimes are involved with. But it was not set out as exact evidence, I'm sorry, elements, like first, second, third, that a jury would be used to seeing as elements of a crime. The court was, I think, simply giving the statutory language that expounded somewhat on the titles like lewd or indecent proposals with a child under 16. And that instruction, Your Honor, is... Well, we'll have to look at the record and all of that, but I appreciate your response. Yes, it's helpfully included at the back of the defendant's opening brief. And that is what we would rely upon. Your Honor, we'd like to call one other case to this Court's attention, and it's not a case that we cited in our brief because it is not precedential, it's unpublished. And we will provide this Court with a citation after today. But the case is United States v. Murray. It's an unpublished decision where the Court, a panel of this Court, looked at Miller, looked at the Gonzalez case, looked at the differences and the interplay between those two cases. And while it's not precedential, the reasoning might be helpful to this Court in analyzing what's before us here today. Basically, it says that the Gonzalez case would continue to control and actually says that Miller may be somewhat of an outlier and that it did not even mention this previous case from this Court that had been the law for some time. Just something that might assist the Court. For my benefit, if you would do that on 28J, I would appreciate it. We would be happy to do so. And I apologize to the defense counsel. I found that this morning. If there are no further questions, I will yield the remainder of my time back to the Court. Thank you, counsel. I am looking at Miller that Judge McKay wrote last year, addressing the fourth prong of plain error. And what moved the Court to find that that was applicable in that case was the finding that defendant's testimony, if credited by the jury, would defeat an essential element of the crime. And in this case, Mr. Miller, my client, testified that he did not know that the person he was dealing with in the other state was under the age of 18 and that he had checked identifiers as he logged into the initial, the OMEGO program that would match people of similar interests. And he had checked that he was interested in role playing. And he had... Don't the images here decisively repudiate that position? I mean, images of her in middle school classroom. This is his testimony. It's a jury finding that, I mean, yes, the government has a counter case. Yes. But the defendant was entitled to testify. He exercised his right. In the lack of his testimony, I don't think I could weather against the storm of that evidence. But he had a right to testify. That does bear on the third and fourth prongs of plain error. Right. I mean, the jury had a right to find who to believe. And so, therefore, it can't be said that the evidence is uncontroverted. All right. Counsel, you're excused. Thank you. Cases shall be submitted and the court will take a brief recess.